JUDGE CEDARBAUM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 6285

---------------------------------------X

LAJZER GRYNSZTAJN,

           Plaintiff,

    -against-

THE CITY OF NEW YORK,
DETECTIVE MICHAEL WILLIAMS Shield # 06409,
SECURITY OFFICER WILSON VEGA,
HWA INC.,

           Defendants.

---------------------------------------X

**COMPLAINT**

PLAINTIFF
DEMANDS
TRIAL BY JURY

PLAINTIFF LAJZER GRYNSZTAJN by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF LAJZER GRYNSZTAJN (hereinafter "GRYNSZTAJN") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 23, 2006, at approximately 10:00 AM, GRYNSZTAJN was falsely arrested by officers employed by the New York City Police Department (hereinafter "NYPD"). It is alleged that the defendants falsely arrested GRYNSZTAJN in

1

violation of his constitutional rights, and as a result GRYNSZTAJN was detained without sufficient probable cause. All charges against GRYNSZTAJN were dismissed on May 23, 2006. As a result of the incident, GRYNSZTAJN suffered loss of enjoyment of life, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff GRYNSZTAJN resides at 17 Hammock Lane, Staten Island, NY 10312.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), and as such is the public employer of the Defendants herein.

5. Defendant DETECTIVE MICHAEL WILLIAMS shield # 06409 (hereinafter "WILLIAMS"), was an NYPD police officer, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, WILLIAMS

was acting under the color of state and local law. Defendant WILLIAMS is being sued in their individual and official capacity.

6. Defendant SECURITY OFFICER WILSON VEGA (hereinafter, "VEGA") was an HWA INC. security officer, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant HWA INC. and within the scope of his employment. At all relevant times hereto, VEGA was acting under the color of state and local law. Defendant VEGA is being sued in his individual and official capacity.

7. Defendant HWA INC. (hereinafter, "HWA") is located at 250 West 50th Street, #31B, New York, NY 10019. HWA is a privately held corporation, incorporated pursuant to the laws of the State of Washington and is the official employer of VEGA.

## IV. FACTS

8. On or about May 23, 2006, at approximately 8:00 AM, GRYNSZTAJN was lawfully inside 26 Federal Plaza after having passed through metal detectors.

9. GRYNSZTAJN was scheduled to appear for an appointment at the office of Immigration and Naturalization, located inside the 26 Federal Plaza building.

10. Upon entering the building, and successfully passing through the metal detectors, GRYNSZTAJN's wallet was searched.

11. GRYNSZTAJN was questioned about the badge which was found in his wallet. The badge contained all pertinent identification and information relating to his employment as a bus operator with the New York City Transit Authority.

12. GRYNSZTAJN complied with all questioning. GRYNSZTAJN was taken to a security office and, after several minutes, was told he could go to his appointment but must return to the security office when the appointment was over.

13. After the appointment, GRYNSZTAJN returned to the security office to retrieve his badge, however, the security officers notified him that would have to speak with one more New York City Police Investigator. GRYNSZTAJN complied, and shortly after speaking with the investigator, GRYNSZTAJN was advised that he was being arrested for impersonating a police officer.

14. GRYNSZTAJN, in front of a large assembly of people, was detained and questioned inside 26 Federal Plaza, New York for a prolonged period of time. Throughout this entire period, GRYNSZTAJN had on his person identification that stated he was employed by the Transit Authority.

15. Nevertheless, GRYNSZTAJN was subsequently arrested and brought to a precinct where charges were filed against him. GRYNSZTAJN was then transferred to central booking where he remained in custody for approximately twelve hours despite the fact that there was no probable cause or arrest warrants on which to base his detention.

16. After approximately fourteen hours in custody, GRYNSZTAJN was arraigned and all charges against GRYNSZTAJN were dismissed and GRYNSZTAJN was released.

17. That heretofore and on the 25th day of July, 2006, GRYNSZTAJN's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said

Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of GRYNSZTAJN, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of GRYNSZTAJN nor legal cause or excuse to seize and detain him.

21. That in detaining GRYNSZTAJN, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

22. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents

5

and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of GRYNSZTAJN's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of GRYNSZTAJN's rights, subjected GRYNSZTAJN to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, GRYNSZTAJN suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of GRYNSZTAJN was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29. That Defendants intended to confine GRYNSZTAJN.

30. That GRYNSZTAJN was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of GRYNSZTAJN's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, GRYNSZTAJN suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That Defendants with malicious intent, arrested GRYNSZTAJN and initiated a criminal proceeding despite the knowledge that GRYNSZTAJN had committed no crime.

36. That the criminal matter against GRYNSZTAJN was terminated in his favor and the court dismissed all charges against him.

37. That there was no probable cause for the arrest and criminal proceeding.

38. That by reason of Defendants' acts and omissions, Defendants, acting under the

color of state law and within the scope of their authority, in gross and wanton disregard of GRYNSZTAJN's rights, deprived GRYNSZTAJN of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

39. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, GRYNSZTAJN was maliciously prosecuted despite the fact that he had committed no violation of the law.

40. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

41. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of

GRYNSZTAJN's rights alleged herein.

43. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

44. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

45. That by reason of the foregoing, GRYNSZTAJN suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That Defendants acted with malicious intent, arrested GRYNSZTAJN and initiated a criminal proceeding despite the knowledge that GRYNSZTAJN had committed no crime.

48. That the criminal matter was dismissed in GRYNSZTAJN's favor.

49. That there was no probable cause for the arrest and criminal proceeding.

50. Defendants knew or should have known that there was no likelihood of a conviction of GRYNSZTAJN.

51. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton

disregard of GRYNSZTAJN's rights, deprived GRYNSZTAJN of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

52. That by reason of the foregoing, GRYNSZTAJN suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. That Defendants were acting in furtherance of the duties owed to their respective employers, defendants CITY and HWA.

55. That at all times individual Defendants were acting within the scope of their employment.

56. That Defendants were able to exercise control over Defendants activities.

57. That Defendants are liable for Defendants actions under the doctrine of respondeat superior.

58. By reason of the foregoing, GRYNSZTAJN suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, GRYNSZTAJN has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

WHEREFORE, GRYNSZTAJN respectfully requests that judgment be entered:

1. Awarding GRYNSZTAJN compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding GRYNSZTAJN punitive damages in an amount to be determined by a jury;

3. Awarding GRYNSZTAJN interest from May 23, 2006; and

4. Awarding GRYNSZTAJN reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
July 7, 2007

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072