LSK&D #: 104-7705 / 918504
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LAJZER GRYNSZTAJN,

                              Plaintiff,

       -against-

THE CITY OF NEW YORK, DETECTIVE
MICHAEL WILLIAMS Shield #06409,
SECURITY OFFICER WILSON VEGA, HWA
INC.,

                              Defendants.
---------------------------------------------------------------x

**Index No.: 07-CV-6285**

**ANSWER**

       Defendants, WILSON VEGA and HWA INC. by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Complaint dated July 7, 2007 respectfully states as follows:

### I. ANSWERING THE PRELIMINARY STATEMENT

    1.    Deny each and every allegation contained in paragraph "1" of the Complaint.

### II. ANSWERING JURISDICTION

    2.    Deny each and every allegation contained in paragraph "2" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

### III. ANSWERING PARTIES

    3.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

    4.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6. Deny each and every allegation contained in paragraph "6" of the Complaint except admits that defendant WILSON VEGA (hereinafter, "VEGA") was an HWA INC., employee, and acted within the scope of his employment and further begs leave to refer all questions of law to the Court at the trial of this action.

7. Admit the allegations contained in paragraph "7" of the Complaint.

### IV. ANSWERING FACTS

8. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

12. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint.

17. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

18. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint.

## V. ANSWERING THE FIRST CAUSE OF ACTION
### Pursuant to §1983 (False Arrest)

19. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "19" of the Complaint.

20. Deny each and every allegation contained in paragraph "20" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

21. Deny each and every allegation contained in paragraph "21" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

22. Deny each and every allegation contained in paragraph "22" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

23. Deny each and every allegation contained in paragraph "23" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

24. Deny each and every allegation contained in paragraph "24" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

25. Deny each and every allegation contained in paragraph "25" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

26. Deny each and every allegation contained in paragraph "26" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

### VI. ANSWERING THE SECOND CAUSE OF ACTION
**Pursuant to State Law (FALSE ARREST)**

27. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "27" of the Complaint.

28. Deny each and every allegation contained in paragraph "28" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

29. Deny each and every allegation contained in paragraph "29" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

30. Deny each and every allegation contained in paragraph "30" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

31. Deny each and every allegation contained in paragraph "31" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

32. Deny each and every allegation contained in paragraph "32" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

33. Deny each and every allegation contained in paragraph "33" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

### VII. ANSWERING THE THIRD CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

34. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "34" of the Complaint.

35. Deny each and every allegation contained in paragraph "35" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

36. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37. Deny each and every allegation contained in paragraph "37" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

38. Deny each and every allegation contained in paragraph "38" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

39. Deny each and every allegation contained in paragraph "39" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

40. Deny each and every allegation contained in paragraph "40" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

41. Deny each and every allegation contained in paragraph "41" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

42. Deny each and every allegation contained in paragraph "42" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

43. Deny each and every allegation contained in paragraph "43" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

44. Deny each and every allegation contained in paragraph "44" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

45. Deny each and every allegation contained in paragraph "45" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

### VIII. ANSWERING THE FOURTH CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

46. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "46" of the Complaint.

47. Deny each and every allegation contained in paragraph "47" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

48. Deny each and every allegation contained in paragraph "48" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

49. Deny each and every allegation contained in paragraph "49" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

50. Deny each and every allegation contained in paragraph "50" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

51. Deny each and every allegation contained in paragraph "51" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

52. Deny each and every allegation contained in paragraph "52" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

### IX. ANSWERING THE FIFTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

53. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "53" of the Complaint.

54. Admit the allegations contained in paragraph "54" of the Complaint.

55. Admit the allegations contained in paragraph "55" of the Complaint.

56. Deny each and every allegation contained in paragraph "56" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

57. Deny each and every allegation contained in paragraph "57" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

58. Deny each and every allegation contained in paragraph "58" of the Complaint.

### ANSWERING INJURY AND DAMAGES

59. Deny each and every allegation contained in paragraph "unnumbered" of the Complaint.

### AS AND FOR A FIRST SEPARATE DEFENSE

60. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

### AS AND FOR A SECOND SEPARATE DEFENSE

61. That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

### AS AND FOR A THIRD SEPARATE DEFENSE

62. The Complaint of the plaintiff fails to state a cause of action cognizable in law or equity against these answering defendants and the Complaint must therefore be dismissed.

### AS AND FOR A FOURTH SEPARATE DEFENSE

63. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH SEPARATE DEFENSE

64. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendants were not obligated to exercise supervision or control.

## AS AND FOR A SIXTH SEPARATE DEFENSE

65. The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to Defendants' conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

66. Any award of punitive damages based upon vague and undefined standards of liability, would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

67. Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

68. Any award of punitive damages resulting from the same course of conduct for which Defendant has been or may be found liable for punitive damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

69. Any award of punitive damages must be proportionate to the underlying compensatory damage award. See State Farm Mutual Automobile Insurance Co. v. Campbell, et al., (S.Ct. 2003).

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS, CITY OF NEW YORK AND DETECTIVE MICHAEL WILLIAMS SHIELD #06409

70. If plaintiff sustained damages in the manner alleged in the Complaint, all of which are denied by these answering defendants, such damages were caused by reason of the negligence, breach of contract, obligation or warranty of the co-defendants above named.

71. That pursuant to contract or other agreements, co-defendants, above named, were to indemnify and hold harmless these answering defendants for injuries and damages sustained at the premises alleged in the verified complaint and, therefore, these answering defendants are entitled to indemnity from co-defendants, above named, including attorneys' fees, costs, disbursements and expenses in defending this action.

72. That pursuant to contract or other agreements, co-defendants, above named, were to procure and/or provide insurance coverage for these answering defendants for bodily injury and property damage occurring at the premises where injured plaintiff was allegedly injured and, therefore, co-defendants above named have breached their contracts or other agreements and these answering defendants are entitled to insurance coverage from co-defendants, above named, as well as all attorneys' fees, costs, disbursements and expenses in defending this action.

73. By reason of the foregoing, these answering defendants are entitled to contribution and/or indemnification from, and to have judgment over and against, the co-defendants above named, for all or part of any verdict or judgment that plaintiffs may recover against these answering defendants.

**WHEREFORE**, these answering defendants demands judgment dismissing the Complaint, or in the event the plaintiff recovers a verdict or judgment against these answering defendants, then these defendants demand judgment over against the co-defendants above named, together with the attorneys fees, costs and disbursements of this action.

Dated:   New York, New York
         September 10, 2007

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              _____
                              Robert N. Dunn (RND-9193)
                              Attorneys for Defendants
                              WILSON VEGA and HWA INC.
                              120 Broadway
                              New York, New York 10271
                              (212) 964-6611

TO:

DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
Attorneys for Plaintiff
(718) 604-3072

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

DETECTIVE MICHAEL WILLIAMS
Shield #06409
New York Police Department
One Police Plaza
New York, NY 10038

Declaration of Service

I served the annexed ANSWER by first-class mail on the following persons on September 12, 2007:

    DAVID A. ZELMAN, ESQ.
    612 Eastern Parkway
    Brooklyn, New York  11225
    Attorneys for Plaintiff
    (718) 604-3072

    THE CITY OF NEW YORK
    100 Church Street
    New York, New York  10007

    DETECTIVE MICHAEL WILLIAMS
    Shield #06409
    New York Police Department
    One Police Plaza
    New York, NY  10038

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2007.

                              *[signature]*
                              CINDY M. BENENATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAJZER GRYNSZTAJN,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, DETECTIVE
MICHAEL WILLIAMS Shield #06409,
SECURITY OFFICER WILSON VEGA, HWA
INC.,

                            Defendants.
-----------------------------------------------------------------x

**Index No.: 07-CV-6285**

**ANSWER**

### LESTER SCHWAB KATZ & DWYER, LLP

ATTORNEYS FOR    **Defendants**
                          **WILSON VEGA AND HWA INC.**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916