UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LAJZER GRYNSZTAJN,

                                                Plaintiff,        **ANSWER**

                -against-                         **07 CV 6285 (MGC)(GWG)**

THE CITY OF NEW YORK, DETECTIVE MICHAEL      **Jury Trial Demanded**
WILLIAMS Shield # 06409, SECURITY OFFICER
WILSON VEGA, HWA INC.,

                                                Defendants.
------------------------------------------------------------------ x

       Defendants City of New York and Michael Williams by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court.

       3.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "3" of the complaint.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation that maintains a police department, and respectfully refer the Court to the New York City Administrative Charter for a recitation of the relationship between the City of New York and the New York City Police Department.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that Michael Williams is employed by the City of New York as a police officer.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that no payment has been made by the City of New York.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "18," as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "26," as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "33," as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "45," as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "52," as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

59. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

60. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

61. At all times relevant to the acts alleged in the complaint, defendants, acted reasonably, properly, lawfully, and in good faith in the exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the Complaint, defendant Michael Williams acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the negligent or culpable conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

64. Defendant Michael Williams has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore is protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

65. There was probable cause for plaintiff's arrest, detention and prosecution

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

66. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

67. Plaintiff may not have satisfied all the conditions precedent to suit.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

68. Punitive damages are not recoverable against the City of New York.

**WHEREFORE,** defendants City of New York and Michael Williams request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
September 28, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City & Williams*
100 Church Street, Room 3-148
New York, New York 10007
(212) 788-1277

By: _____
JOYCE CAMPBELL PRIVETERRE (JCP 1846)
Assistant Corporation Counsel

TO:  David Zelman, Esq.
*Attorney for Plaintiff*
612 Eastern Parkway
Brooklyn, New York 11225
Tel: (718) 604-3072

Index No. 07 CV 6285 (MGC)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAJZER GRYNSZTAJN,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL WILLIAMS Shield # 06409, SECURITY OFFICER WILSON VEGA, HWA INC.,

                              Defendants.

**ANSWER TO COMPLAINT BY
CITY OF NEW YORK AND WILLIAMS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City & Williams*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277 NYCLIS No.*

*Due and timely service is hereby admitted.*

New York, N.Y. Oct. 1, 2007..

.............................. Esq.

*Attorney for City & Williams*