

**MEMO ENDORSED**

*See page 4*

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JOYCE CAMPBELL PRIVÉTERRE
*Special Federal Litigation Division*
(212) 788-1277
Fax: (212) 788-9776



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

July 7, 2008

**BY HAND**
Honorable Miriam Goldman Cederbaum
United States District Judge
Southern District of New York
500 Pearl Street, Room 1330
New York, New York 10007

      Re: Grynsztain v. City of New York et al.
        07 CV 6285 (MGC)

Your Honor:

  I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent defendants City of New York and Detective Michael Williams. In accordance with Your Honor's individual rules, defendants write to respectfully request a pre-motion conference on July 21, 2008, the tentative date for the trial of this matter, in anticipation of filing a motion for summary judgment. For the reasons set forth herein, defendants City and Williams further request an adjournment of the trial date.

**Factual/Procedural Background**

  Plaintiff alleges that on or about May 23, 2006, he was falsely arrested at 26 Federal Plaza. Specifically, it is asserted that he went to the premises for a scheduled appointment at the office of Immigration and Naturalization, and after passing through the metal detectors, his wallet was searched. Plaintiff was then questioned by an employee of co-defendant HWA Security, Security Officer Wilson Vega, concerning his badge. Plaintiff alleges that he informed the security officer that he was a bus operator with the New York City Transit Authority. However, in an affidavit submitted to an investigator with the Federal Protective Service, Department of Homeland Security, Mr. Vega stated that plaintiff's badge appeared to be a "N.Y.P.D. Det style shield." Based upon this complaint, a federal Special Agent notified the New York City Police Department who arrested plaintiff. He was charged with one count

Possession of a Forged Instrument in the Third Degree and one count Unauthorized Use of a Police Emblem. After approximately 14 hours in detention, the matter was dismissed at arraignment. Plaintiff brings this lawsuit alleging a violation of his federal civil rights, in particular, false arrest and malicious prosecution under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff also asserts state law claims for false arrest, malicious prosecution and *respondeat superior*.

Plaintiff filed his complaint on or about July 9, 2007. On October 1, 2007, issued was joined by defendants City and Williams. On October 18, 2007, the initial pre-trial conference was held. On June 5, 2008, a status conference was held. Discovery has been completed.

**Defendant City's Anticipated Rule 56(b) Motion**

False Arrest

As a threshold matter, an arrest is justified or privileged if it is based on probable cause, which is also a complete defense to a claim for false arrest. Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003)(citations omitted); Probable cause is an objective determination based upon the information available to the officer at the time of the arrest; and the officer's subjective beliefs and motivations are irrelevant. Codling v. City of New York, 01 Civ 2884 (RWS), 2002 U.S. Dist. LEXIS 16547, at *13 (S.D.N.Y. Sept. 5, 2002)(citing Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769 (1996). In addition, officers have probable cause to arrest if they receive "information from some person -- normally the putative victim or eyewitness -- who it seems reasonable to believe is telling the truth." See, Daniels v. United States, 393 F.2d 359, 361 (D.C. Cir. 1968).

In the action at bar, defendant Williams was informed by a complaining witness, federal special agents, that plaintiff was in possession of a forged instrument. Further, based upon an inspection of the shield, defendant Williams reasonably believed that the confiscated shield was a forged New York City Police Department detective shield based upon its size, shape and color. Clearly, the subject officer had probable cause to arrest plaintiff.

Malicious Prosecution

In order to state a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 939, 947 (2d Cir. 1997)(quoting Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)); Broughton v. State of New York, 37 N.Y.2d 451, 458 cert. denied, 423 U.S. 929 (1975). As a threshold matter, plaintiff's case was dismissed at his arraignment. Thus, he cannot show that the defendants maliciously prosecuted him. Moreover, plaintiff's malicious prosecution claim cannot be sustained because he can neither demonstrate that defendants initiated criminal proceedings against him or that defendants were motivated by actual malice.

Qualified Immunity

As the principal of qualified immunity is to protect governmental employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known," defendants strongly hold that defendant Williams is entitled to such protection. See, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). Even where a right is well-established, defendants may employ qualified immunity if it was objectively reasonable for Williams to believe that his acts did not violate that right. Robinson v. Via, 821 F.2d 913, 920 (2d Cir. 1987). Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause and in those situations courts will not hold that they have violated the Constitution. Saucier v. Katz, 533 U.S. 194, 206 (2001). In the case at bar, a jury is likely to hold that defendant Williams' motives in arresting plaintiff were objectively reasonable insofar as he was informed by a complainant/eyewitness that plaintiff was in possession of a forged detective shield. Additionally, a jury is likely to hold that based on the training and experience of defendant Williams that, after inspecting the shield, reasonably believed that plaintiff's shield strongly resembled a New York City Police Department detective shield.

Monell Liability

To prove the existence of municipal liability as alleged in the complaint, plaintiff would have to establish: (1) a formal policy, officially promulgated or adopted by the City of New York (Monell, 436 U.S. at 690) or (2) that an official(s) responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision that caused the alleged constitutional violation (Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) or (3) the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials (City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1988). Furthermore, the identified municipal policy or practice must be the "moving force (behind) the constitutional violation." See, Monell, 436 U.S. at 694. In the case at bar, plaintiff's complaint is wholly devoid of any allegation (or mere suggestion) that defendant City had in place a policy, practice, or custom that caused the purported deprivation of his constitutional rights.

**Adjournment of the July 21, 2008 Trial Date**

Defendants City and Williams respectfully request an adjournment of the trial tentatively scheduled for July 21, 2008. Plaintiff's counsel does not consent to this request. As a threshold matter, today the undersigned returned from medical leave that commenced four weeks ago. Due to the lack of preparation, defendants City and Williams' defense would be severely

**MEMO ENDORSED**

compromised if the trial were to be proceed as tentatively scheduled. Secondly, as set forth above, it is defendants' position that this matter can be fully disposed of by motion. Lastly, it is respectfully submitted that in lieu of a trial, this matter should be referred to a magistrate for the parties to attempt settlement before the parties engage in motion practice. Although the parties have sporadically endeavored to negotiate, we have not appeared before a magistrate throughout the course of this litigation. Defendants City and Williams believe that a settlement conference may be productive, possibly obviating the need for a trial or a motion.

For the reasons enumerated, defendants City and Williams respectfully request that Your Honor: (1) schedule a conference to address its anticipated motion; (2) adjourn the tentatively scheduled trial; and (3) refer the matter to a magistrate for a settlement conference.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Joyce Campbell Privéterre (JCP 1846)
Assistant Corporation Counsel

cc:  **Via Facsimile (718) 604-3074**
David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225

**Via Facsimile (212) 267-5916**
Robert N. Dunn, Esq.
Lester, Schwab, Katz and Dwyer LLP
Attorneys for Co-defendant
120 Broadway
New York, NY 10271

*[Handwritten endorsement:]* On June 5, 2008, defense counsel was advised in open court that if she wished to move for summary judgment, she should do so promptly. The trial of this case is adjourned to July 23, 2008 at 10 A.M. In the interim, the case will be referred to a magistrate judge for settlement. So ordered.

S/
United States District Judge
July 10, 2008

4